**UNITED STATES DISTRICT COURT**
**DISTRICT OF MAINE**

| | |
|---|---|
| UNITED STATES DEPARTMENT OF AGRICULTURE,<br><br>PLAINTIFF<br><br>v.<br><br>SHANE A. MITCHELL,<br><br>DEFENDANT | CIVIL ACTION NO.:<br>1:25-cv-00148-JAW<br><br>Motion to Default Judgment<br>(Title Real Estate Involved) |

NOW COMES the Plaintiff, United States Department of Agriculature (the "Plaintiff" or "Note Holder") and, pursuant to Fed. R. Civ. P. 55(b)(2), moves for the entry of judgment by default against the Defendant Shane A. Mitchell (the "Defendant" or "Borrower") as follows:

**I.      INTRODUCTION**

This Court has entered a default against the Defendant in this case. *See* Docket No. 11 in this case. Upon the entry of a default for failure to timely appear in, or respond to, an action, the facts alleged in the Complaint are deemed to have been proved and become findings of fact, and affirmative defenses are deemed to have been waived. *See Haskell v. Bragg*, 2017 ME 154, ¶ 4, 167 A.3d 1246.  Based upon these principles of law, the following facts set forth in the Complaint (the "Complaint") support entry of judgment by default as against the Defendant:

1. This is an action for foreclosure and sale respecting the real property located at or about 277 Woodmans Mill Road, Town of Searsmont, County of Waldo, and State of Maine (the "Property");

2. Defendant is an individual residing at 6 Alberta Way, Apt. 8, Town of Belfast, County of Waldo, and State of Maine;

3. On or about August 31, 2011, Defendant executed and delivered a promissory note (the "Note") to the Plaintiff in the original principal amount of $176,140.00;

4. To secure the debt evidenced by the Note, and all extensions and renewals of that debt, the Defendant, on or about August 31, 2011, granted a mortgage (the "Mortgage" and with the Note, the "Loan Documents) against the Property (the "Property");

5. The Mortgage secures the obligations of the Defendant under the terms of the Note;

6. The Property is more particularly described in the Mortgage;

7. Under the terms of the Loan Documents, if Borrower defaulted in the payment of the obligations evidenced by Note and secured by the Mortgage, Plaintiff may declare the entire amount due under the Note, and any other amounts owed to the Plaintiff under Mortgage, to be immediately due and payable in full and then, upon that acceleration of the Note, foreclose the mortgage by any method provided by law in the relevant jurisdiction;

8. Defaults now exist under the terms of the Note in that, among other things, the Defendant failed to make the monthly payment that came due under the Note on March 28, 2020, and all other payments that have come due thereunder;

9. As a result of the defaults under the terms of the Note, the Defendant has breached the condition of the Mortgage;

10. As of December 15, 2024, the debt evidenced by the Note and secured by Mortgage totaled $171,240.12 in principal, $62,388.59 in accrued interest, and $28,674.44 in other fees, for a total of $262,303.15. Additional interest continues to accrue on the principal balance at the default interest rate of 5.75% per annum, which, in this case, works out to be $19.9389 per day from and after December 15, 2024;

11. Under the terms of the Mortgage, repayment of all costs, including reasonable attorney fees, incurred by the Plaintiff in enforcing its rights under the Mortgage, including its right to payment of all amounts required to be paid under the Note, are secured by the Mortgage;

12. Defendant has been defaulted under Fed. R. Civ. P. 55;

13. By virtue of the breach of condition of the Mortgage, Plaintiff demanded a foreclosure on the Property and sale of the Property;

14. As stated in the Mortgage, the Property is bounded and described as follows:

Certain lots or parcels of land, together with any buildings and improvements thereon, situated in the Town of Searsmont, County of Waldo, and State of Maine, being more particularly bounded and described as follows:

**PARCEL 1**:

>**BEGINNING** at the end of a stone wall on the generally northerly bound of Route #173, said stone wall marking the generally westerly bound of land now of A.L. Maddocks and now or formerly of Terrell Wilson; thence westerly along the northerly bound of said Route #173 a distance of four hundred (400) feet, more or less, to the end of a stone wall; thence northerly along the stone wall and along line of land retained by Wentworth A. Wilson and Helen M. Wilson, a distance of two hundred twenty (220) feet, more or less, to a stake driven in to the ground in said stone wall; thence easterly in a line generally parallel with Route #173, a distance of four hundred (400) feet, more or less, to a point in the stone wall marking the westerly line of land now or formerly of Terrell Wilson; thence southerly along the stone wall marking the line of land now or former of Terrell Wilson, a distance of two hundred twenty (220) feet, more or less, to the point of **BEGINNING**.

**PARCEL 2:**

>**BEGINNING** at a 5/8" rebar capped MORIN PLS 2157 found in a stonewall and in the westerly line of land of Terrill L. and Myrtle M. Willson, as described in Book 1451, Page 348 of the Waldo County Registry of Deeds;
>
>**THENCE**, N 74° 44' E by the remaining land of Wilson a distance of 131.6' to a 5/8" rebar set;
>
>**THENCE**, S 12° 27' E by the remaining land of Wilson a distance of 209.9' feet to a 5/8" rebar set in the northerly line of Route #173;
>
>**THENCE**, southwesterly by Route #173, a distance of 80', more or less, to the southeasterly corner of land of Angela M. McCoy, as described in a Book 2792, Page 200 of said Registry of Deeds;
>
>**THENCE**, northwesterly by land of McCoy, a distance of 220', more or less, to the 5/8" rebar found at the **POINT OF BEGINNING**.

See Compl., ¶¶ 4-9, 11, Exhibit 1, pg. 2 (Default), Exhibit 2, Schedule A; *Affidavit of Briana Avila* (the "*Avila Aff.*"), ¶¶ 3 & 7.

This Court has entered a default against the Defendant in this case. *See* ECF No. 11. The Plaintiff, for its part, has certified that it is the owner and holder of the Note and owner of the

Mortgage, and that it is the party entitled to enforce the Note as the owner and holder of the same. Complaint. *Compl.*, ¶ 15; *Avila Aff.*, ¶ 7.

**II.   DISCUSSION**

    A.   <u>Jurisdiction and venue</u>

This is a Foreclosure Proceeding by Civil Action brought pursuant to 14 M.R.S.A. §§ 6321-6326. This Court has jurisdiction pursuant to 28 U.S.C. § 1345. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) insofar as all or a substantial portion of the events that give rise to the Plaintiff's claims transpired in the State of Maine and the subject property is located in the State of Maine.

    B.   <u>General standards for foreclosure action</u>

In several cases the Maine Law Court has identified eight elements that, to the extent applicable, a mortgagee must prove to obtain a judgment of foreclosure:

- The existence of the mortgage, including the book and page number of the mortgage, and an adequate description of the mortgaged premises, including the street address, if any;

- Properly presented proof of ownership of the mortgage note and evidence of the mortgage note and the mortgage, including all assignments and endorsements of the note and the mortgage;

- A breach of condition in the mortgage;

- The amount due on the mortgage note, including any reasonable attorney fees and court costs;

- The order of priority and any amounts that may be due to other parties in interest, including any public utility easements;

- Evidence of properly served notice of default and mortgagor's right to cure in compliance with statutory requirements;

- After January 1, 2010, proof of completed mediation (or waiver or default of mediation), when required, pursuant to the statewide foreclosure mediation program rules; and

- If the homeowner has not appeared in the proceeding, a statement, with a supporting affidavit, of whether or not the defendant is in military service in accordance with the Servicemembers Civil Relief Act.

*See, e.g., Bank of Am., N.A. v. Greenleaf*, 2014 ME 89, ¶ 18, 96 A.3d 700; *Chase Home Fin. LLC v. Higgins*, 2009 ME 136, ¶ 11, 985 A.2d 508.

    C.    <u>Existence of mortgage</u>

The Mortgage's existence is beyond doubt. *See HSBC Bank USA, N.A. v. Gabay*, 2011 ME 101, ¶ 20, 28 A.3d 1158 (provision of supporting documentation in the form of the mortgage agreement adequately meets the requirements of this element of proof). As stated in both the heading and in ¶ 6 of the Complaint, the Mortgage is recorded in the Waldo County Registry of Deeds at Book 3576, Page 283. *See Compl.*, ¶ 6. Where the record in a foreclosure proceeding makes such a showing, this element of a foreclosure action is satisfied. *See Greenleaf*, 2014 ME 89 at ¶ 20. Here, that record is established by Defendant's deemed admission of all factual allegations in the Complaint and is buttressed by the Briana Avila Affidavit. *See Avila Aff.*, ¶¶ 4-5, Exhibit 2.

    D.    <u>Ownership and evidence of Note and Mortgage</u>

This element includes two items. First, Plaintiff must identify the owner or economic beneficiary of the Note and, if it is not the owner, provide the basis for its authority to enforce the Note. *See Greenleaf*, 2014 ME 89 at ¶ 20; *Bank of Am. v. Cloutier*, 2013 ME 17, ¶ 16, 61 A.3d 1242; 14 M.R.S.A. § 6321. Plaintiff has established that it is the owner and economic beneficiary of the Note. *Compl.*, ¶¶ 5, 15; *Avila Aff.*; ¶¶ 7, 13. Indeed, the assertions made in paragraphs 5 and 15 of the Complaint to that effect, including Plaintiff's representations regarding the authenticity of the Note, are deemed admitted for the purposes of this Motion. The Plaintiff, having certified that it is possession of the Note, has authority to enforce the Note.

Second, Plaintiff must "produce evidence of the mortgage note, mortgage and all assignments and endorsements of the mortgage note and mortgage." 14 M.R.S. § 6321. Here, the record includes copies of the Note and the Mortgage, which instruments, because of the Defendant's defaults, are admitted as being the documents referenced in paragraphs 5 and 6 of the Complaint and attached as Exhibits 1 and 2 to the Complaint. Further, Plaintiff has certified that it is the owner and holder of, and has possession of, the Note, which is payable to it, and that it remains the owner of the Mortgage and has not assigned ownership of that Mortgage to any other party. *Compl.*, ¶ 15; *see Avila Aff.*, at ¶ 7, 13. Accordingly, the record satisfies this requirement as well. *See Greenleaf*, 2014 ME 89 at ¶ 22.

    E.    <u>Breach of condition of the mortgage</u>

Conditions of the Mortgage have been breached by Defendant. The Mortgage provides, *inter alia*, that "should default occur in the performance or discharge of any obligation in [the Mortgage] or secured by [the Mortgage,]" the Mortgagee, "may foreclose [the Mortgage] as authorized or permitted by the laws then existing of the jurisdiction where the property is situated…." *Compl.*, ¶ 8, Ex. 2, ¶¶ 22, 25. The Note, in turn, provides, *inter alia*, that Defendant shall pay the United States of America, acting through the Rural Housing Services (and its successor), the sum of ONE HUNDRED SEVENTY-SIX THOUSAND ONE HUNDRED FORTY DOLLARS ($176,140.00), with interest thereon at the rate of 4.25% per annum, payable in 396 monthly installments of $828.01 each, with payment to commence on September 28, 2011, and to continue on the same day of each month thereafter until the loan evidenced by the had been paid in full. *Compl.*, ¶ 5, Ex. 1, p. 1.

As stated in the Complaint, and, accordingly, as now admitted by Defendant, the Defendant failed to make monthly payments that came due under the Note on March 28, 2020, and all other payments that have come due thereunder. *See Compl.*, at ¶¶ 5, 8, 11. Paragraph 10 of the

6

Complaint alleges that Defendant received notice, on or about December 9, 2024, that the Note was then in default (the "Notice to Cure") and that payment thereon was then being demanded. *Compl.*, ¶10; Ex. 3. Paragraph 10 of the Complaint alleges further that a true and correct copy of the Default Notice was attached to the Complaint as Exhibit 3. *See also Avila Aff.*, ¶ 10, Exhibit C. The Defendant, despite receipt of the Default Notice, failed to cure the defaults cited therein and, as a result thereof, all sums then due and owing under the Note, and secured by Mortgage, became due and payable to the holder of the Note. *Avila Aff.*, ¶¶ 11-12.

By virtue of his defaults, Defendant has admitted that (i) Exhibit 3 to the Complaint is a true copy of the Notice to Cure referenced in ¶ 10 of the Complaint, (ii) the Note was in default not later than March 28, 2020, for the reasons stated in the Notice to Cure, (iii) Defendant failed to cure the default detailed in the Notice to Cure despite receipt thereof, and (iv) as a result of the failure to cure, all sums due and owing under the Note, and secured by the Mortgage, are presently due and payable in full to Plaintiff. Accordingly, the record establishes a breach of the condition of the Mortgage, namely, default in the payment on the Note secured by the mortgage, according to the exact terms thereof. *Compl.*, ¶ 6, Ex. 2, ¶¶ 22, 25; *see also* Compl., ¶ 5, Ex. 1, p. 1.

E.   <u>Amount due on the mortgage note, including any reasonable attorney fees and court costs</u>

As set forth in the Complaint, and, through his default, admitted by Defendant, as of December 15, 2024, the amount due and owing on the loan evidenced by the Note and secured by the Mortgage consisted of $171,240.12 in principal, $62,388.59 in accrued interest, and $28,674.44 in other fees, for a total of $262,303.15. *Compl.*, ¶ 11; *see Avila Aff.*, ¶ 11. Moreover, additional interest was and is accruing on the principal balance at the Note rate, which is fixed at 4.25 percentage points. *Id.* As shown in the *Avila Aff.*, as of August 22, 2025, the debt, exclusive of attorney fees, evidenced by the Note and secured by the Mortgage totaled $269,391.65, of which

$171,240.12 was principal, $67,373.34 was overdue accrued interest, $30,788.19 was other fees. *Avila Aff.*, ¶ 12.

Additionally, the amount of reasonable attorney's fees and court costs incurred by Plaintiff in connection with this proceeding is $5,958.42. *See Attorney's Fee Affidavit of Kevin J. Crosman, Esq.* (the "*Fee Aff.*") at ¶¶ 4-5, Ex. A. When these costs and fees are added to the total amount otherwise due on the Note as of August 22, 2025, the amount owing on that Note is $275,350.07, plus interest on the principal portion of that balance at the current rate of 4.25 % per year (which works out to $19.9389 per day per day when applied to the outstanding principal balance). Furthermore, reasonably anticipated additional attorney's fees and costs total $5,958.42. *See Fee Aff.* at ¶ 5.

> F.  <u>The order of priority and any amounts that may be due to other parties in interest</u>

The Plaintiff and the Defendant, as the only parties with an interest in the Property, are the only parties to this action. Accordingly, this element is inapplicable here, except to the extent that any surplus from any foreclosure proceeds over and above what is owing to Plaintiff shall, pursuant to 14 M.R.S.A § 6324, are payable to the Clerk of this Court for the benefit of the Defendants.

> G.  <u>Evidence of properly served notice of default and mortgagor's right to cure in compliance with statutory requirements</u>

The only statutory requirement for provision of a notice of default under the Mortgage, and of the mortgagor's right to cure the same, relevant here is 14 M.R.S.A. § 6111. Section 6111 applies only when each of the following conditions are true: (a) the mortgage is on residential property in Maine; (b) the mortgagor occupies the property as his primary residence; and (c) the mortgage secures a loan for personal, family, or household use. *Bordetsky v. JAK Realty Trust*, 2017 ME 42, ¶ 7, 157 A.3d 233, 237. By virtue of his default, Defendant has admitted that the Property was not his primary residence as of the commencement of the Complaint. Section 6111 is therefore inapplicable.

8

To the extent that Section 6111 applies, the record demonstrates Plaintiff's compliance therewith. By virtue of his default, Defendant is deemed to have admitted that (i) Exhibit 3 to the Complaint is a true copy of the Notice to Cure referenced in paragraph 10 of the Complaint, (ii) the Note was in default not later than March 28, 2020, for the reasons stated in the Notice to Cure, (iii) the Defendant failed to cure the default detailed in the Notice to Cure despite receipt thereof, and (iv) as a result of the failure to cure, all sums due and owing under the Note, and secured by the Mortgage, are presently due and payable in full to Plaintiff. Accordingly, Plaintiff has satisfied its obligations under 14 M.R.S.A. § 6111.

  H. <u>Proof of completed mediation (or waiver or default of mediation), when required</u>

Mediation is required in a foreclosure action only where "a defendant who is an owner-occupant and who appears, answers, or otherwise requests mediation in the action within 20 days after service of the summons and complaint and attends an informational session." *See* Me. R. Civ. P. 93(c)(3); *see also* 14 M.R.S.A. §§ 6321-A(2), 6321-A(6). Here, the Defendant has failed to answer or otherwise appear in this action. Accordingly, mediation is not required. *See Fed. Home Loan Mortg. Corp. v. Hitchcock*, 2016 Me. Super. LEXIS 107, *7 (Me. Super. Ct. July 13, 2016). Furthermore, the Property, at all times relevant hereto, was not occupied by Defendant as primary residence, such that this case would not have been eligible for the Foreclosure Diversion Program had Defendant answered or otherwise appeared in this action.

  I. <u>Where Defendants have not appeared in proceeding, a statement, with a supporting affidavit, of whether or not the Defendants are in military service in accordance with the Servicemembers Civil Relief Act is unnecessary</u>

Plaintiff has previously filed an Affidavit and Request for Entry of Default in this case, in which its counsel has made such a statement, in affidavit form, that the Defendant is not in military service.

  WHEREFORE, Plaintiff prays that this Court:

    A.    Enter a default judgment against the Defendant in this case; and

    B.    Grant Plaintiff such other and further relief as this Court deems just and proper.

Dated at Portland, Maine on this 5th day of September 2025.

                        /s/ Kevin J. Crosman
                        Kevin J. Crosman, Bar No. 4279
                        Attorney for Plaintiff

Jensen Baird Gardner & Henry
Ten Free Street
PO Box 4510
Portland, Maine 04112
(207) 775-7271
kcrosman@jensenbaird.com