# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES DEPARTMENT OF AGRICULTURE,<br><br>PLAINTIFF<br><br>v.<br><br>SHANE A. MITCHELL,<br><br>DEFENDANT | CIVIL ACTION NO.:<br>1:25-cv-00148-JAW<br><br>**AFFIDAVIT OF Briana Avila**<br><br>**(Title to Real Estate Involved)** |

NOW COMES Briana Avila and, being duly sworn, says as follows:

1. My name is Briana Avila and I reside in Collinsville, IL. I am employed as a Foreclosure Specialist y USDA Rural Development, the "Owner" or "Plaintiff"), which owns the loan at issue in this case (the "Loan"). The statements that I make in this Affidavit are true to my personal knowledge, including my personal knowledge of all documents and records to which this Affidavit refers. The exhibits attached to this Affidavit are true copies of the original documents, except that personally identifiable information, if any, has been redacted from those copies.

2. As the current owner of the Loan, Plaintiff maintained and maintains business records regarding all transactions regarding the Loan between Plaintiff and the borrower under the terms of the Loan, Shane A. Mitchell (the "Borrower" or "Defendant"), with respect to the Loan. In my capacity as a Foreclosure Specialist, of the Owner, I have under my custody and control all records regarding those transactions. I have personally examined these records, which are kept in the ordinary course of the Owner's business in accordance with the Owner's practice of making such records and which were made at or near the time of the transactions by, or from information

transmitted by, a person with personal knowledge of the facts set forth in said records. These records are kept during the Owner's regularly conducted business activities and were made by the regularly conducted activity as a regular practice of the Owner. By training and experience, I am also familiar with the steps which the Owner takes to ensure the accuracy of information and documents it obtains when it originates a loan, including the steps it took in this regard with respect to the Loan.

3. On or about November August 31, 2011, Borrower executed and delivered Promissory Note (the "Note") to Plaintiff in the original principal amount of $176,140.00. A true copy of the Note is attached as **Exhibit 1** to this Affidavit and is made a part hereof.

4. To secure the debt evidenced by the Note, and all extensions and renewals of that debt, the Defendant, on or about August 31, 2011, executed and delivered to the Plaintiff a certain Mortgage Deed (the "Mortgage" and with the Note, the "Loan Documents"). A true copy of the Mortgage is attached as **Exhibit 2** to this Affidavit and is made a part hereof.

5. The Mortgage was recorded in the Waldo County Registry of Deeds (the "Registry") at Book 3576, Page 283.

6. As shown on the first page of **Exhibit 2** to this Affidavit, the property described in and covered by the Mortgage is the Property located at or about 277 Woodmans Mill Road, Town of Searsmont, County of York, and State of Maine.

7. Plaintiff that it is the owner and holder of the Note and owner of the Mortgage, and that it is the party entitled to enforce the Note as the owner and holder of the same.

8.  As of the date of this Affidavit, defaults exist under the terms of the Note in that, among other things, the Defendant failed to make the monthly payment that came due on March 28, 2020, and all other payments that have come due thereunder.

9.  As a result of the defaults under the terms of the Note, the Defendant has breached the condition of the Mortgage.

10. On or about December 9, 2024, and pursuant to 14 M.R.S.A. § 6111 and/or the terms of the Mortgage, Plaintiff caused that certain Notice of Default and Right to Cure to be served on Defendant via certified mail, returned receipt requested and First-Class mail (the "Notice to Cure"). A true copy of the Notice to Cure as served on the Defendant, together with proof of mailing of the same, collectively are attached as **Exhibit 3** to Affidavit and are made a part hereof.

11. As of on or December 15, 2025, the debt evidenced by the Note and secured by Mortgage totaled $262,303.15, of which $171,240.12 was principal, $62,388.59 was overdue accrued interest, and $28,674.44 were protective advances and other fees. Additional interest continues to accrue on the principal balance at the default interest rate of 4.25% per annum, which, in this case, works out to be $19.9386 per day from and after December 15, 2024.

12. As of August 22, 2025, the amount due and owing to the Plaintiff under the terms of the Note and the Mortgage totaled $269,391.65, and consisted of the following:

| | |
|---|---|
| Principal | $171,240.12 |
| Interest to August 22, 2025 | $ 67,373.34 |
| Other Fees | $ 30,778.19 |
| **TOTAL** | **$269,391.65** |

These amounts do not include attorney's fees and costs thus far billed to me in connection with this current foreclosure action. Additional interest continues to accrue on the principal portion of this balance at the rate of $19.9389 per day after that date.

13. Under the terms of the Loan Documents, repayment of all costs, including reasonable attorney fees, incurred by the me in enforcing my rights under the Mortgage, are secured by the Mortgage.

I declare, under penalty of perjury, that the foregoing is true and correct. Executed on August 22, 2025.

_Briana Avila_
Briana Avila
Foreclosure Specialist