**UNITED STATES DISTRICT COURT**
**DISTRICT OF MAINE**

| | |
|---|---|
| UNITED STATES DEPARTMENT OF AGRICULTURE, <br><br> PLAINTIFF <br><br> v. <br><br> SHANE A. MITCHELL, <br><br> DEFENDANT | CIVIL ACTION NO.: <br> **1:25-cv-00148-JAW** |

**JUDGMENT OF FORECLOSURE AND SALE**
**(Title to Real Estate Involved)**
**Mortgage Recorded in Waldo County Registry of Deeds**
**in Book 3576, Page 283**
**Street Address: 277 Woodmans Mill Road, Searsmont, Maine**

This matter came before the Court for a testimonial hearing on Plaintiff's Motion for Default Judgment on March 3, 2026. Plaintiff was present and represented by Kevin J. Crosman, Esq. Defendant did not appear.

All persons interested having been duly notified in accordance with the law, and after hearing, the Plaintiff's Motion for Default Judgment is GRANTED. Judgment on Count I – Foreclosure is hereby entered as follows:

1. The following information is included in the Judgment pursuant to 14 M.R.S.A. § 2401(3):

1

| Party | Counsel |
|---|---|
| United States Department of Agriculture<br>P.O. Box 66827<br>St. Louis, MO 63166. | Kevin J. Crosman, Bar No. 4279<br>Jensen Baird Gardner & Henry<br>Ten Free Street<br>P.O. Box 4510<br>Portland, ME  04112 |
| Shane A. Mitchell<br>6 Alberta Way Apt. #8<br>Belfast, ME 04915 | Defaulted/None of record |

b.      The docket number of this case is **1:25-cv-00148-JAW**

c.      Service of the documents required by Fed. R. Civ. P. 4(b) was made in hand upon Defendant and Defendant has received notice of this action in accordance with the Federal Rules of Civil Procedure.

d.      The property upon which Plaintiff seeks to foreclose in this case (the "Property") is adequately described in ¶ 3(p) below.

2.      On June 18, 2025, the Clerk entered an Entry of Default against the Defendant because of his failure to appear, plead or otherwise defend this action.

3.      By virtue of the default, the following allegations of the Complaint are established as facts:

a.      The Defendant is an individual with a last-known address of 6 Alberta Way, Apt. #8, Town of Belfast, County of Waldo, and State of Maine;

b.      This is an action for foreclosure and sale respecting 277 Woodmans Mill Road, Town of Searsmont, County of Waldo, State of Maine (the "Property");

c.      On or about August 31, 2011, Defendant executed and delivered a promissory note (the "Note") to the Plaintiff in the original principal amount of $176,140.00. A true copy of the Note is attached as **Exhibit 1** to the Complaint;

d.      To secure the debt evidenced by the Note, and all extensions and renewals of that debt, the Defendant, on or about August 31, 2011, granted a mortgage (the "Mortgage" and with the Note, the "Loan Documents) against the Property (the "Property"). A true copy of the Mortgage is attached as **Exhibit 2** to the Complaint;

2

e.      The Mortgage secures the obligations of the Defendant under the terms of the Note;

f.      The Property is more particularly described in the Mortgage;

g.      Under the terms of the Loan Documents, if Borrower defaulted in the payment of the obligations evidenced by Note and secured by the Mortgage, Plaintiff may declare the entire amount due under the Note, and any other amounts owed to the Plaintiff under Mortgage, to be immediately due and payable in full and then, upon that acceleration of the Note, foreclose the mortgage by any method provided by law in the relevant jurisdiction;

h.      Defaults now exist under the terms of the Note in that, among other things, the Defendant failed to make the monthly payment that came due under the Note on March 28, 2020, and all other payments that have come due thereunder;

i.      Plaintiff has certified that it is the owner and holder of the Note and owner of the Mortgage, and that it is the party entitled to enforce the Note as the owner and holder of the same;

j.      As a result of the defaults under the terms of the Note, the Defendant has breached the condition of the Mortgage;

k.      As of December 15, 2024, the debt evidenced by the Note and secured by Mortgage totaled $171,240.12 in principal, $62,388.59 in accrued interest, and $28,674.44 in other fees, for a total of $262,303.15. Additional interest continues to accrue on the principal balance at the default interest rate of 5.75% per annum, which, in this case, works out to be $19.9389 per day from and after December 15, 2024;

l.      The Defendant has been defaulted under Me. R. Civ. P. 55;

m.      By virtue of the Borrower's and/or the Defendant's breach of a condition of the Mortgage, the Plaintiff has demanded a foreclosure on the Property;

n.      As set forth in the Mortgage attached as **Exhibit 2** to the Complaint, the Property is bounded and described as follows:

Certain lots or parcels of land, together with any buildings and improvements thereon, situated in the Town of Searsmont, County of Waldo, and State of Maine, being more particularly bounded and described as follows:

**PARCEL 1**:

**BEGINNING** at the end of a stone wall on the generally northerly bound of Route #173, said stone wall marking the generally westerly bound of land formerly of A.L. Maddocks and now or formerly of

3

Terrell Wilson; thence westerly along the northerly bound of said Route #173 a distance of four hundred (400) feet, more or less, to the end of a stone wall; thence northerly along the stone wall and along line of land retained by Wentworth A. Wilson and Helen M. Wilson, a distance of two hundred twenty (220) feet, more or less, to a stake driven in to the ground in said stone wall; thence easterly in a line generally parallel with Route #173, a distance of four hundred (400) feet, more or less, to a point in the stone wall marking the westerly line of land now or formerly of Terrell Wilson; thence southerly along the stone wall marking the line of land now or formerly of Terrell Wilson, a distance of two hundred twenty (220) feet, more or less, to the point of **BEGINNING**.

**PARCEL 2:**

**BEGINNING** at a 5/8" rebar capped MORIN PLS 2157 found in a stonewall and in the westerly line of land of Terrill L. and Myrtle M. Willson, as described in Book 1451, Page 348 of the Waldo County Registry of Deeds;

**THENCE**, N 74° 44' E by the remaining land of Wilson a distance of 131.6' to a 5/8" rebar set;

**THENCE**, S 12° 27' E by the remaining land of Wilson a distance of 209.9' feet to a 5/8" rebar set in the northerly line of Route #173;

**THENCE**, southwesterly by Route #173, a distance of 80', more or less, to the southeasterly corner of land of Angela M. McCoy, as described in a Book 2792, Page 200 of said Registry of Deeds;

**THENCE**, northwesterly by land of McCoy, a distance of 220', more or less, to the 5/8" rebar found at the **POINT OF BEGINNING**.

4

4. As of March __, 2026, the amount owing to Plaintiff under the terms of the Note and Mortgage was $283,783.95, consisting of the following:

| | |
|---|---|
| Principal: | $171,240.12 |
| Interest on Principal: | $ 43,088.11 |
| Subsidy Recapture: | $ 27,455.44 |
| Fees (Escrow & Property Preservation) | $ 32,218.27 |
| Interest on Escrow Advances | $ 2,207.49 |
| Late Fees: | $ 1,616.10 |
| Attorney Fes and Costs: | $ 5,958.42 |
| Total: | $283,783.95 |

5. The pre-judgment interest rate is 5.75%, *see* 14 M.R.S.A. § 1602-B, and the post-judgment interest rate is 10.23%, pursuant to 14 M.R.S.A. § 1602-C (the one year United States Treasury bill rate is the weekly average one-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the last full week of the calendar year immediately prior to the year in which post-judgment interest begins to accrue).

6. The Plaintiff is entitled to add any additional amounts advanced by Plaintiff to protect its mortgage security after the date of Judgment, and for any additional costs of sale hereafter incurred.

7. The order of priority of the claims of the parties who have appeared in this action is as follows:

FIRST:     Plaintiff, by virtue of the Mortgage, in the above amounts and attorney's fees and costs.

SECOND:    The surplus, if any, shall be paid to the clerk of this Court, who shall hold the surplus in escrow for 6 months for the benefit of the Defendant, the Defendant's successors, heirs or assigns and, if the surplus remains unclaimed after 6 months, the clerk shall pay the surplus to the Treasurer of State to be credited to the General Fund until it becomes unclaimed under the Uniform Unclaimed Property Act, and report and pay it to the State in accordance with that Act, all as provided in 14 M.R.S.A § 6324.

8.      Plaintiff's claim for attorney's fees is not integral to the relief sought, within the meaning of Me. R. Civ. P. 54(b)(2), and there is no just reason for delay in the entry of final judgment for the Plaintiff on all claims.

ACCORDINGLY, it is hereby **ORDERED** that:

A.      Unless within ninety (90) days from the date hereof, the Defendant pays Plaintiff the amount owing on the Note and the Mortgage, together with accrued interest and attorney's fees and costs, all as set forth above, Plaintiff shall sell the Property pursuant to 14 M.R.S.A. § 6321 *et seq*. and disburse the proceeds of said sale, after deducting the expenses thereof, in the amounts and priorities as determined above.

B.      The Plaintiff is granted exclusive possession of the Property upon expiration of the statutory ninety (90) day redemption period, if it is not redeemed within the time set forth above, as aforesaid.

C.      If Defendant and anyone occupying the Property do not vacate the Property upon termination of the right to possession, Plaintiff may reopen this matter to seek a Writ of Assistance and/or Writ of Possession to be served by the U.S. Marshals Service pursuant to Federal Rule of Civil Procedure 4.1(a) consistent with this Judgment.

D.      Pursuant to 14 M.R.S.A. § 2401(3)(F), the Clerk, if requested, shall sign a certification after the appeal period has expired, certifying that the applicable period has expired without action or that the final judgment has been entered following appeal.

DATED: March 18, 2026                           /s/ John A. Woodcock, Jr.
                                                United States District Court Judge

6